No. 1999.—P. M. LAPIN *v.* P. M. B. LAPIN ET ALS.

The only question presented on an appeal by a third party from an order of seizure and sale is, had the Judge who granted the order sufficient evidence before him to authorize the issuing of the writ. A third party appealing from an order of seizure and sale, may avail himself of all that is in the record that affects his rights; but the validity of the mortgage on which the order of seizure is based cannot be inquired into on such appeal.

APPEAL from the Fourth Judicial District Court, parish of St. James, *Beauvais, J. Fellows & Mills, Poche & Legendre,* for appellees, *L. Castera* and *C. Hunt,* for appellant.

HOWELL, J. Mrs. Longpre Fitzgerald, a third person, alleging that she is a mortgage creditor of the defendants, and that she is aggrieved by the order of seizure and sale issued in this suit, has appealed therefrom, and the first question presented is, has she such interest as to maintain this appeal?

The only inquiry on such appeal is, whether or not the Judge had sufficient evidence before him to authorize his *fiat.* 6 R. 58; 11 A. 4; and the appellant complains that there is no authentic evidence of two special indorsements on the note held by plaintiff, and he therefore is without right to the same. She can avail herself of all that is in the record, which affects her rights (3 R. 116); but it is clear that the only interest which she can have in this suit is as to the existence or validity of plaintiff's mortgage, which cannot be inquired into on this appeal. Her mortgage rights cannot be affected by the question, in whom the title to the note in suit legally exists. It is a question which the defendants may waive, and therefore one of which she cannot avail herself in this form of proceeding. See 7 N. S. 676.

It is therefore ordered that the appeal herein be dismissed with costs.