No. 13,759.

VILEOR PREVOST vs. OVIDE PELLERIN.

SYLLABUS.

1. A third person shows sufficient interest to appeal from an order of seizure and sale when it appears he has an interest to discharge the debt, but to the right party. He has a right to know that in paying it he is receiving a full acquittance, and that the party who proceeds at law to subject the property to the debt is the party entitled to do so ; and as far as the record of the appeal permits the test to be applied he is entitled to make it.

2. Where a mortgage note payable to bearer, or to the order of the maker and by him endorsed in blank, is lost, and the only evidence produced on an application for executory process is a copy of the original mortgage and a copy of a later act by the mortgagor, who has meanwhile disposed of the property, in which he acknowledges in favor of his mortgagee the loss of the note, waives advertisement of the same as a lost instrument and consents to executory process, the same is not sufficient to predicate an order of seizure and sale upon.

APPEAL from the Twenty-third Judicial District, Parish of St. Mary—*Allen, J.*

---

*Foster, Milling & Sanders,* for Plaintiff, Appellee.

---

*Mentz & Borah,* for Estate of Jules M. Burguieres, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. The plaintiff sold by public act to the defendant certain real property and for the price agreed upon took his promissory note payable in four years from the date of the sale.

This note was drawn payable to the order of the maker and was by him endorsed in blank and delivered to his vendor.

A special mortgage and vendor's privilege was stipulated in the act to secure payment of the note. There was due registry of the act in the conveyance and mortgage records.

A part of the debt due plaintiff was paid and in default of payment of the remainder he took out executory process in foreclosure of the mortgage.

But he had lost the mortgage note and was unable to produce it. To make up for this deficiency he had his vendee (Pellerin) to go before a notary and two witnesses and execute an act wherein it is recited that he (Pellerin) is informed by Prevost that the note he had given the latter is lost or destroyed. The act then declares its purpose to be to reinstate the note, acknowledge its validity, that it is due and unpaid, to waive its advertisement as a lost instrument and all legal formalities necessary before the right accrues to sue on the note, and especially to authorize Prevost to institute legal proceedings on the same as though the note was not destroyed.

To his petition for executory process plaintiff annexed a copy of this act and of the act of mortgage securing the note.

On this showing the District Judge granted the order of seizure and sale.

Whereupon, the executors of Jules M. Burguieres petitioned the court for an appeal from the order. They represented that while the estate of Burguieres is a third party to the suit of Prevost vs. Pellerin, it nevertheless has an interest in the suit and its subject matter, and that the order for executory process is injurious to the estate.

This results, they aver, from the circumstance that Jules M. Burguieres before his death acquired the property affected by the mortgage, and to show this acquisition they annex to their petition as part thereof a certified copy of the public act of sale of the property made by Pellerin to Burguieres.

They attack the order of seizure and sale on the ground of insufficiency or want of the kind of evidence required as the basis for its issuance.

The appeal was granted and is now before us.

I.

The first question arising for determination is, does sufficient interest appear in the appellants to maintain the appeal?

This, we think, must be answered in the affirmative.

The property which is answerable for the debt is owned by appellants in their representative capacity. They must either pay the debt, or let the property be sold to pay it. The debt is due to the party who holds the note and the mortgage on the property secures this debt to the holder of the note. This note being payable to the order of the maker and by him endorsed in blank is really payable to bearer. Plaintiff says it is lost, but it does not appear that its loss has been advertised as the law requires.

Again, when was it lost? This is not shown. If lost before its maturity and found by some one who sold it in open market to a *bona fide* holder for value before maturity, appellants, if they pay at the instance of the present suitor, may find themselves called on to pay a second time, or defend another serious lawsuit which seeks to subject the property to the payment of the debt.

If there be a third holder of the note, whatever rights he may have would not be affected by the present suit. Neither could Pellerin, in the notarial act he executed acknowledging the loss of the note and making the waivers therein contained, affect the rights of such third holder. Nothing in that act relieves his (Pellerin's) vendee from the pursuit of the property by such third holder.

Appellants have an interest to discharge the debt, but to the right party. They are entitled to know that in paying it they are receiving a full acquittance.

They have, therefore, an appealable interest in the suit. They have a right to know that the party who proceeds at law to subject the property to the debt is the party entitled to do so. And as far as the present record of appeal permits the test to be applied they are entitled to make it.

Lapin vs. Lapin, 21 La. Ann. 52.

The "record of appeal" embraces all the pleadings in the court *a qua,* including their petition of appeal, which incorporates as part thereof the act of sale from Pellerin to Burguieres, and this shows the estate of the latter to be the present owner and possessor of the property subject to the mortgage.

But the "record of appeal" cannot be extended to include documents filed for the first time in this court as part of the plaintiff's answer to the appeal. Original evidence is not to be filed here.

## II.

The next question arising for determination is, was the order of seizure and sale providently issued? Was the authentic evidence submitted sufficient to warrant the fiat?

'An appeal from such an order is limited to this enquiry.

We must hold that where a mortgage note payable to bearer, or to the order of the maker and by him endorsed in blank, is lost, and the only evidence produced on an application for executory process is a copy of the original mortgage and a copy of a later act by the mortgagor, *who has meanwhile disposed of the property,* in which he acknowledges in favor of his mortgagee the loss of the note, waives advertisement of the same as a lost instrument and consents to executory process, the same is not sufficient to predicate an order of seizure and sale upon.

It is, therefore, ordered and decreed that the judgment appealed from be vacated and set aside, with costs against appellee, reserving to plaintiff the assertion of his rights in such further proceedings as may be warranted by law.

MONROE, J. I think that the appellants have failed to disclose sufficient interest to entitle them to appeal, and therefore dissent in so far as said appeal is maintained.