## JOHN K. WEST v. HIS CREDITORS.

Decision in *West* v. *His Creditors*, 5 Rob. 261, affirmed.

An intervenor, who claims property in controversy between other parties, cannot interfere further than to prove his right to the property. He cannot contest the plaintiff's claim against the defendant, nor urge any irregularities in the suit; nor plead exceptions having for their object the dismissing of the action.

A claim belonging to a debtor at the time of his making a surrender of his property under a State insolvent law, belongs to the creditors to whom his property was surrendered, though not placed on his *bilan*, nor given up by him at the time; nor can the insolvent, by subsequently placing the claim on the schedule presented by him on an application for the benefit of the bankrupt law of 19 August, 1841, transfer the claim to an assignee appointed by the bankrupt court. The debtor had no longer any title to the claim, which had been transferred by the cession to the creditors existing at the time of the surrender.

The bankrupt law of 1841 did not suspend the operation of the State insolvent laws, in cases in which proceedings had been commenced before its passage.

The syndic of the creditors of an insolvent having caused a rule to show cause, why a certificate of debt in the hands of the clerk of the court should not be delivered to him to be administered for the benefit of the creditors, to be served on a creditor who had caused the certificate to be seized under execution, the latter objected that the proceeding by rule was illegal. *Held*, that the rule was well taken, the creditor claiming only a privilege or lien on the certificate. Had the latter set up any title to the certificate, and been in possession of it, the proper remedy to recover it would have been by a regular action.

APPEAL from the District Court of the First District, *Buchanan*, J.

*L. C. Duncan* and *A. Hennen*, for the syndic.

*Bradford*, assignee, appellant, *pro se*.

*Grymes*, for Adelaide West, appellant.

GARLAND, J. This case was before us in February, 1843, (4 Rob. 89,) and again in June of the same year, (5 Rob. 261.) The first time, it was remanded on the application and appeal of E. A. Bradford, Esq., the assignee of West under the bankrupt law of the United States, who went into the District Court, at the moment the judge was about to sign his judgment, claimed to intervene, and asked for a new trial, which was refused by the court below, and granted by this tribunal, as we supposed the rights of some of the creditors might be affected. As soon as this purpose was attained, by this court pushing the letter and

spirit of the law to its utmost extent, with a hope of doing justice between the parties as speedily as possible,—the assignee, instead of being always ready to exhibit his testimony, as required by article 391 of the Code of Practice, turned about and denied that the court into which he had pushed himself, had any jurisdiction of the case ; and he has joined with the insolvent debtor and his wife, in interposing every obstacle in his power, to the demand set up by the syndic of the creditors on the original *bilan*, who have not, for nearly a quarter of a century, been able to get one cent of their demands.   On a plea to the jurisdiction of the court, filed after the cause was returned to the District Court, the assignee succeeded in having the whole proceeding dismissed, which judgment we reversed in June last, for reasons then given, and remanded the case to be proceeded in, according to law.

When the cause was returned to the court below, the plaintiff in the rule, (the syndic of West's creditors,) prayed, that Mrs. West, who alleged herself to be a judgment creditor of her husband, and had made a seizure of the certificate in controversy under an execution against him, should be made a party to the proceeding ; that a copy of the rule, taken originally in November, 1842, should be served on her ; and that she should show cause, why the certificate therein described as issued under the convention between the United States and Mexico, and then in court, should not be delivered to the syndic of the creditors of West, to be collected and administered for the benefit of his creditors ; and it was further ordered that Bradford, the assignee of West under the bankrupt law, and the clerk of the court who has the certificate in possession, should be notified of the trial.   To this Mrs. West answered : 1st.  That the rule taken on her is so vague and uncertain, that she cannot understand why or wherefore she is made a party thereto ; that she does not know what rights of property or acts of hers are the foundation of it, or are to be brought in question ; nor does it set forth what judgment is prayed for, or intended to be asked in the premises.

2d.  That the proceeding by rule is illegal, irregular, and contrary to the practice established by law ; and that if the plaintiff

in the rule has any claim or demand against her, it should be proceeded in by original petition and suit.

3d. She avers, that the District Court has no jurisdiction of the case, or of the matters therein stated, so far as disclosed, but that the same belongs to the District Court of the United States, sitting in bankruptcy. For further answer she alleges, that the plaintiff has no right to " *the certificate mentioned in the said rule, or to the possession thereof as prayed for ;*" wherefore she prays that the rule may be discharged, and she dismissed with her costs.

The intervenor, in addition to his plea of want of jurisdiction formerly insisted on, and again revived, notwithstanding the decision of this court against it, avers: 1st. That this proceeding cannot be entertained in the form of a rule prosecuted summarily, but must be carried on in the shape of a direct action in the ordinary mode.

2d. He avers that Bennett is not the syndic of West's creditors.

For answer, he alleges, that the certificate in controversy is a part of the assets stated on the schedule of John K. West, and surrendered to his creditors when he became an applicant for the benefit of the bankrupt law. That the decree declaring West a bankrupt, has divested him of all right to said certificate, and vested it in him, the assignee. That the insolvent laws of the State of Louisiana have no effect, or operation on the property surrendered on his application to become a bankrupt; and that the assignee appointed by the United States District Court is entitled to the possession of said certificate; wherefore he prays that the same may be delivered to him.

The answer of the clerk of the court, who has the certificate in his possession, admits that fact, and says he has no interest in the matter, and that he is willing to surrender the certificate to whoever is entitled to it. As to the answer of West, against whom the proceedings originally commenced, it is not necessary to state it now, as he is not a party to this appeal.

In the first opinion, we fully stated all the proceedings in relation to West's application for a respite in 1819 ; its being granted ; and the subsequent proceedings of Lloyd & Harrison and others against him, to compel a surrender of what property was left, to

which latter proceeding it appears West assented. The appointment of Bennett as syndic, after the surrender, is also stated, and the subsequent proceedings, up to the time of the issuing of the certificate in question, by the commissioners, sitting at Washington, in the year 1841, under the convention or treaty entered into between the United States and Mexico, relative to the claims of the citizens of the former against the government of the latter.

On the last trial, a certified copy of the original certificate was produced, as well as the original in the possession of the clerk; and on the face of both it is stated, that the claim is " for money, vessel, and munitions of war, furnished to divers Mexican patriots, engaged in the years 1815, 1816, and 1817, in the struggle of Mexico against Spain for the independence and self-government of the former," by West. It was further proved, that West never gave up any property on the forced surrender in 1821, except some accounts and debts mentioned on his books, which were also given up to the syndic of his creditors, and retained by him for a number of years, and then deposited in the hands of another person. On those books, various charges are made for supples furnished the Mexican government, corresponding very nearly with the accounts laid before the commissioners at Washington, copies of which are in evidence. It is proved, that numerous consultations took place between West and Bennett, as syndic of the creditors, and the counsel of the latter, relative to the claim on the Mexican government. The two latter joined with others in sending an agent to Mexico to settle the matter, about the year 1822, but he was not successful ; and finally, all parties were obliged to await the action of the government of the United States and that of Mexico, as there was no other remedy.

In the month of July, 1822, Mrs. West sued her husband for the restitution of her dotal rights, and made Bennett a party to the suit, as syndic of the creditors. He filed an answer denying her claims, and alleging, that all she had brought into marriage had been repaid or restored to her ; whereupon, in the month of February, 1823, her suit was dismissed, on motion of her counsel, and never revived, until sometime in the year 1842, when it was recommenced against West alone, and a judgment obtained, upon which execution was issued ; and, on the demand of Mrs.

West's counsel, desiring to know of West, what property should be seized, he gave up the certificate in controversy to the counsel, who had it seized, and it was, with other property, advertised to be sold, in the country, at the plantation on which West lived. About the time this certificate was issued, or shortly previous, a creditor of West's, who lived in Kentucky, had the amount attached in Washington for an old debt ; whereupon, West became very active in the defence of the suit, and procured and carried on papers and copies of records, to prove that he had given up the certificate, or demand it represented, to his creditors, and that Bennett was still his syndic. By this means the certificate was released from the attachment, and got into the possession of the counsel of the wife of West, who gave it up to the sheriff as before stated. There is no evidence to show that Bennett has ever been discharged as syndic, and it appears that, until this claim was adjusted, there was very little or nothing for him to administer. The last suit of Mrs. West against her husband, with the judgment, execution and proceedings thereon, were given in evidence ; as also the proceedings of West in bankruptcy, in the United States court, which were commenced shortly after his wife had obtained her judgment, and the amount of the certificate in controversy was placed on the schedule, as a part of the assets surrendered. The appointment of the assignee is shown, and the discharge of West as a bankrupt.

The judge below overruled all the exceptions of West, those filed by his wife and the assignee in bankruptcy, and gave a judgment directing the clerk of the court, in whose possession the certificate is, to deliver it to Bennett, the syndic, to be by him administered for the use of the creditors ; and West is directed to deliver up all or any other property he possessed at the date of the forced surrender. From this judgment Mrs. West, and the assignee of West have appealed.

As to the various grounds of objection raised by the insolvent, it is not necessary to say anything, as he is not a party to the appeal.

As to the plea to the jurisdiction of the District Court, again raised by the assignee of West, it is sufficient to say, that we have once decided it against him, and see no reason to change

our opinion now, supposing that the party has a right to inter-
pose such an exception to a tribunal into which he has come of
his own accord.  As.to the two other exceptions, we think the
judge did not err in overruling them.   An intervenor who claims
property in controversy between other parties, cannot interfere
therein any further than to prove his right to the property.  He
cannot contest the plaintiff's claim against the defendant, nor
urge any irregularities in the suit.    8 Martin, 55.  He can-
not plead exceptions having for their object the dismissal of the
cause.  4 Mart. N. S., 488.   5 Ib. N. S. 501.  1 La. 434.  3 La. 183.

As to the right of the assignee to claim the certificate of in-
debtedness on the Mexican government, we are further of opin-
ion, that the court below did not err in rejecting his claim.   The
evidence shows most conclusively, that this was a debt owing to
West by the Mexican government, not only previous to the sur-
render of his property in 1821, but to his application for a respite
in 1819.   By refusing, or neglecting to put it on his *bilan* at the
latter period, or not surrendering it in 1821, when ordered, he
has not acquired any right to it, nor can he, by putting the debt
on his schedule when he went into bankruptcy, take it away
from the syndic of the creditors, and deprive them of a fund out
of which they are entitled to be paid.   This debt was in fact as
much given up as any other, in 1821.   The books in which the
entries were made relating to it, were given up ; efforts were
made to collect it, or get it recognized by the debtor.   They were
fruitless for a long time, but at last successful.   We consider it
very immaterial, whether the syndic had only a right of adminis-
tration under the act of 1817 relating to voluntary surrenders, or
a vested right under the act of 1826, which is supplementary
thereto.   In one capacity or the other, he has a right to the fund,
to be applied to the discharge of the debts existing at the time
when Lloyd & Harrison's proceedings terminated in a judgment.
It is not material to the assignee, whether Bennett recovers as ad-
ministrator for the creditors under the first cession, or as owner
for their use.   The fact of putting this certificate and its amount,
on the schedule in the United States Court, confers no better title
to it than West had.  He had none ; nor had he possession at
the time.  When that schedule was made, West had already de-

livered the certificate to the attorney of his wife; and when the assignee was appointed, it was deposited in court under its order. Suppose the syndic had commenced proceedings against the assignee, as it is urged he should have done, the answer at once would have been, that no such certificate was in his possession. The bankrupt law vests in the assignee all the rights and property which the bankrupt owns at the time of his failure, and nothing more. No property can be acquired by a party's going into bankruptcy and putting it on his schedule. If possession should accompany the act, the assignee could hold it until legally divested by the owner; but if not, he must prove his right, which, in this case, he has failed to do. It is possibly true, that the bankrupt law of Congress did suspend all the laws of the State relative to cessions of property; but it certainly applies to cases arising after its passage, and not to estates in a course of administration when it was enacted. The rights of the creditors under the state law were fixed, and must be determined according to it, in all cases where the proceedings were in existence, previous to the bankrupt act.

As to the first exception filed by the counsel of Mrs. West, that she cannot understand why she is made a party, or what is sought from her, &c., we think the court did not err in overruling it. The documents served on her show plainly, that the object of the syndic was to get possession of a certificate of indebtedness held by West, which is sufficiently described, which was for the benefit of the creditors whose claims existed prior to the surrender. Upon this certificate it was discovered, that Mrs. West had some lien or right, by virtue of a seizure under her execution, and it was to enable her to assert her claim, that it was suggested that she should be made a party.

As to the second exception, that the proceeding by rule is illegal, we believe the judge was correct in overruling it. It will be remembered, that in the beginning, this proceeding was against John K. West alone, for the purpose of compelling him to surrender all the property he possessed to the syndic of his creditors. This, in the first opinion we gave, we said was correct; and that no proceedings could be too prompt and summary, to compel a ceding debtor to give up all the property his creditors were

entitled to have surrendered to them. It was incidental to, and connected with the original proceeding, which is still open, and will so continue, until the syndic renders his account and shall be discharged. If Mrs. West had set up any title to the certificate in question, and had had it in possession, it is clear that the proper remedy to recover it would have been by a regular suit; but as it was seen that only a privilege or lien was claimed, it was thought best to give her an opportunity of asserting it, which she has declined to do, and we shall not decide on it; but this does not affect the original proceeding, nor stand in the way of a judgment.

The exception as to the jurisdiction of the court, is disposed of by what has already been said in this opinion, and in that given in June last. We have no doubt as to the jurisdiction of the District Court, to compel the production of the certificate, and its delivery to the person rightfully entitled to it.

Upon the merits, we have only to say, that as Mrs. West sets up no claim to the certificate in question, but only denies the right of the syndic to recover it, there is no question as to that right. We have stated the evidence very fully, and it is sufficient to convince the most sceptical, that the debt to West from the Mexican government, was owing previously to his failure in 1819 and 1821; and that his then creditors are entitled to the benefit of it as their common pledge, to be regulated by their respective rights and privileges, if any exist.

It is, therefore, ordered, that the judgment of the District Court be affirmed; the appellants paying the costs of their respective appeals.