SELBY
*v.*
LEVEE COMMIS'RS.

---

## N. F. RICE, Curator, *v.* DAVID DAVIS.

The holder of a note made payable to the maker's own order, *by him indorsed*, and secured by a notarial and authentic act of mortgage, may recover without any authentic evidence of transfer further than that contained in the act itself.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Emmerson & Huntington*, for plaintiff. *J. Livingston*, for defendant and appellant.

RICE
*v.*
DAVIS.

MERRICK, C. J. This appeal is taken from an order of seizure and sale.

The plaintiff alleges himself to be the curator of the succession of *Gardner Johnson,* deceased, who became in his lifetime the owner and holder of the note annexed to the petition.

It is assigned as error, that there is in the record no authentic proof that *Gardner Johnson* is dead, nor that plaintiff has been appointed curator of his succession.

The note sued on was made payable to the defendant's own order *and by him indorsed.* This fact appears by the notarial and authentic act of mortgage. In the act of mortgage, the defendant hypothecated the property to secure the party (*John R. Clay*) who lent the money, or any other holder.

The plaintiff is the holder of the note, and his description of himself as curator of *Johnson's* succession may be regarded as a *descriptio personæ.* In this particular, the case cannot be distinguished from the case of *Montgomery, Ex'r.,* v. *Nott,* 2 An. 276.

The right of the holder of a note and mortgage in this form, to recover without authentic evidence of transfer further than that furnished by the act itself, has become a rule for the security of obligations, which, having been acted upon for the last three years, cannot now be disturbed. See *Mothé* v. *McCrystal,* 11 An. 4 ; *Race & Foster* v. *Bruen,* ibid 34.

The case of *Landry* v. *Landry,* 12 An. 167, differs from the present in the form of the mortgage and note.

Judgment affirmed.