No. 2054.—FLEMING & BALDWIN v. JOSEPH D. SHIELDS, J. B. JONES, use, &c., Intervenor.

An intervenor in an attachment suit will not be permitted to urge defenses personal to the defendant. The admissibility of testimony, the formality and regularity of the pleadings are matters pertaining exclusively to the defendant. His position in the case is limited to showing that he is the veritable owner of the property attached, or that he has a lien upon it superior to that of the attaching creditor.

APPEAL from the Thirteenth District Court, parish of Tensas, *Hough*, J. *H. B. Shaw* for appellee. *Farrar & Reeves* for appellants and intervenor.

WYLY, J. Plaintiffs sued out writs of provisional seizure and attachment against the property of the defendant, who was an absentee, alleging he owed them the amount of an account for advances and supplies furnished his plantation, in the parish of Tensas. The products and movables on the place and defendant's half interest in the plantation were seized under these writs by the sheriff 'on second December, 1867.

The defendant accepted service and waived legal and technical formalities. He also admitted the correctness of the account sued on, and set up no defense against plaintiff's demand.

On the tenth November, 1868, the intervenor filed his petition of intervention in this case, alleging that he held a mortgage bearing on said. plantation or the undivided half thereof owned by the defendant ; also alleging that the attachment was null and void because of the illegality of the affidavit, the insufficiency of the bond and other informalities ; and by supplemental and amended petition he charged that the defendant, Joseph D. Shields, was in insolvent circumstances at the date of the levy of plaintiffs' writ of attachment to the knowledge of plaintiffs,

who. fraudulently colluded with him to have said attachment levied upon said plantation in order to give, if possible, the lien of the attaching creditor a preference and priority over the special mortgage of the intervenor, which, by an oversight, was not recorded in the mortgage office of said parish, till a few days subsequent to the levy of said writ.

On the trial there was judgment in favor of plaintiffs for the amount claimed by them, with a privilege on the property attached, from the date the attachment was levied, to wit: second December, 1867; and the intervention was rejected at the costs of the intervenor.

From this judgment the intervenor has appealed.

From a careful examination of the record we are of opinion that the intervenor has failed to establish his allegation of fraud and collusion between the plaintiffs and the defendant; he has failed to establish that the defendant, Joseph D. Shields, was an insolvent at the time the attachment was levied and at the time of the trial of this cause. Proof that the plantation in controversy was worth less than the amount of plaintiffs' claim and the claim of the intervenor does not establish the allegation that the defendant was notoriously insolvent. He lived in Mississippi, and might have in that State ample means to pay all his debts. We cannot presume that the plaintiffs and defendant are guilty of fraud and collusion in the absence of proof to sustain that charge.

The District Judge refused to permit the intervenor to offer proof of the irregularity of the affidavit, the insufficiency of the attachment bond and other informalities in the proceedings. He permitted the plaintiffs to offer in evidence their acknowledged account against the defendant, and when the intervenor objected thereto because the necessary revenue stamp was not attached to said acknowledged account, the District Judge permitted the attorney of plaintiffs to affix thereto a five cent United States revenue stamp, and file the same in evidence. To all of which rulings the intervenor took a bill of exceptions.

We think the District Judge did not err in his rulings and the bill of exceptions was not well taken.

In the absence of fraud and collusion, the intervenor will not be permitted to urge defenses which are personal to the defendant. Questions of the admissibility of the testimony and the formality and regularity of the pleadings are matters for the consideration of the defendant, and if he saw fit to waive them no other party can complain.

In the case of Lee *et al. v.* Bradlee, 8 M. 55, where a third party intervened in the attachment suit claiming the property, this court said: "A third party has stepped in, averring the goods attached to be his property, and demanding restoration of them. The claimant has not only attempted to prove the property to be his, but he has been acting the part of the defendant by undertaking to show that the attachment ought not to have issued, and that after it had issued, it was imperfectly executed. The only thing which we conceive a claimant may be permitted to do is to show that the property attached is verily his. As soon as he succeeds in that, his part is at an end. But a claimant

has surely no right to show any irregularity in the suit in which he intervenes for the sole purpose of rescuing the property. Whether the plaintiff, the court and the sheriff have been acting legally or not is none of his business."

The only difference between this case and the one just referred to is, in that case the intervenor claimed to be the owner of the property attached, while in this the intervenor claims that he has a mortgage on the property attached. The principle is the same. The same doctrine is affirmed in the case of West v. His Creditors, 8 Rob. 123, in which this court said " an intervenor who claims property in controversy between other parties cannot contest the plaintiff's claim against the defendant nor urge any irregularities in the suit."

In the case of Yeatman v. Estill, 13 An. 222, it was held that " it is no longer competent for the intervening party to object to the mode in which the writ of attachment has been executed." The intervenor admits that plaintiffs' attachment was levied prior to the registry of his mortgage. Without inscription his mortgage had no effect against third persons. C. C. 3314. As to plaintiffs, the property of the defendant stood free of encumbrance the day their attachment was levied because the intervenor had not inscribed his mortgage. Plaintiffs acquired attaching creditors' privilege on the plantation reverting from the judgment to the day the attachment was levied. C. P. 264, 265; 7 A. 1; 3 A. 430.

It is therefore ordered that the judgment appealed from be affirmed with costs.