No. 983.

WOOD & ROANE vs. THOMPSON WOOD.

| 32 | 801 |
|----|-----|
| 52 | 289 |
| f52 | 553 |
| f52 | 691 |
| 32 | 801 |
| 112 | 450 |
| e1141007 | |

It is not indispensable that the Petition of Appeal should contain a prayer for Citation on Appellee.

Acceptance of service of Citation of Appeal by Counsel will be presumed to be authorized by Appellee, until the contrary is shown according to law.

The right to file a Transcript of Appeal within the three judicial days following the fixed return-day, has become a rule of practice, acknowledged by the jurisprudence of the State, which this Court will not disturb.

It is not necessary that the original of the Petition of Appeal be annexed to the Transcript. A copy is sufficient.

The only question before this Court in an Appeal from an Order of seizure and sale is, whether there was legal and sufficient evidence before the Judge to justify his *fiat*. In such a case, the evidence being in the Record, no assignment of error is necessary.

Executory process cannot issue unless on authentic evidence of the debt and mortgage.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Parsons, J.*

---

Franklin Garrett for Plaintiffs and Appellees :

First—Citation is a *sine qua non;* the evidence thereof is the sheriff's original return filed in the Supreme Court. If the law permits the counsel of an appellee resident to waive citation, the original waiver must be filed in the same court. Courts cannot presume so vital a fact. 13 An. 620.

Second—The "return-day" does not mean two days more, or three days. "Within the time" means to and inclusive of the fixed day, but not two days beyond it. 11 M. 433 : 12 M. 505 ; 1 N. S. 573.

Third—The original petition of appeal "must" be filed in the Supreme Court—not a copy of it.

Fourth—Where appellant relies on an error on the face of the record, he must file a written assignment of the error, "otherwise his appeal shall be dismissed." 6 La. 143 ; 1 La. 52 ; 1 Rob. 460 ; 4 Rob. 147.

Fifth—The courts of Louisiana are courts of statutory law, and not de-

pendent on precedent for that law. Nothing is *stare decisis* in Louisiana but the statute, the law. Judges Martin and Bullard declare the true doctrine in 3 M. 52, and 14 L. 483: "It is the business of the legislature to make the law, and the duty of every court to pronounce it, as they find it."

Sixth—Because one judge (or a number of judges) has mistaken the law, furnishes no legal reason for another judge or judges to commit the same mistake, purposely, and without the excuse of want of knowledge of the true meaning of the plain text of the law.

Seventh—If the court construe rigidly the law against the appellee, with even-handed justice you must mete the same measure to appellant.

Cobb & Gunby for Defendant and Appellant:

First—Executory process cannot issue on a mortgage executed *sous seing privé*. C. P. 733.

Second—Executory process cannot issue in favor of the third holder of a mortgage note payable to the order of the mortgagee, unless there is authentic evidence of the indorsement. 24 An. 476.

Third—The third holder of a mortgage note payable to two mortgagees cannot proceed thereon unless the note is indorsed by both payees.

---

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiffs and appellees have filed two distinct appearances, tending to a dismissal of the appeal.

In the first, they complain that they have not been cited according to law.

In the second, cautiously reserving all rights under the motion, they say that the petition of appeal and transcript were not filed on the return-day appointed by law; that the petition of appeal is not annexed to the transcript, and was not filed in this Court as required by law; that the appellant has filed no assignment of error in this Court.

We propose to examine the first ground of complaint, for it is only on the theory that appellees are in court, by a proper citation, that they can be heard to urge the grounds embodied in their additional appearance.

The question is, therefore: Have the appellees been cited to answer the appeal?

The appeal was asked by petition, filed on the 13th of December, 1879, containing a distinct prayer that the plaintiffs be cited. This was unnecessary. 4 A. 434; 12 A. 332. See, also, Seghers vs. Soulé, N. R. O. B. New Orleans, 45 fol. 15; also, Vredenburg vs. Behan, lately decided; also Murphy vs. Factors' Co. N. R. (1876.)

On examining that petition, as found in the transcript, we find on it the following indorsement :

"Service accepted and citation of appeal waived this 15th day of December, 1879.

"FRANKLIN GARRETT,

"Attorney for Wood & Roane."

The validity of this indorsement was not admitted in the argument of the cause by the counsel whose act it purports to be.

The indorsement is found on the petition of appeal, filed on the 13th of December, 1879, and which is covered by the clerk's certificate, which appears to be in due form, at the end of the transcript.

We cannot assume that the indorsement was not genuine ; the clerk, who is presumed to know the signature of attorneys practicing before the court, would not have accepted the document with a forged signature; the counsel, whose signature the indorsement purports to exhibit, would have loudly denounced it, and properly too. There was no want of authority on the part of the counsel to make that indorsement. Acceptance of service by an attorney of record will be presumed to have been authorized by his client, unless the latter, by his own *affidavit* or otherwise, shows that the attorney transcended his authority. 3 A. 258 ; 9 M. 88 ; 10 M. 639 ; 12 R. 95 ; 3 A. 558 ; 5 A. 118 ; 10 A. 66 ; 5 N. S. 343 ; 8 N. S. 2 ; 1 A. 397.

In the present instance the petition was signed by the counsel who represents the appellees in this Court. We are satisfied that there was an authorized waiver of service of both petition and citation, on behalf of the appellees, by their attorney of record, and that the motion to dismiss on the ground of want of citation is untenable.

Passing now to the other reasons asserted for the dismissal of the appeal, we hold :

First. That the appeal being made returnable on the second Monday of June, 1880, to this Court, at Monroe, which was the 14th of June, the transcript filed on the following day was in time. The right to file a transcript within the three judicial days following the fixed return-day seems to be impliedly accorded by law, and has almost invariably been so recognized. The jurisprudence on that point is so ancient, that it has become a rule of practice throughout the State, which, far from disturbing, we formally indorse. We deem it useless to refer to authorities, which are very numerous and admitted by counsel to exist.

Second. It was not necessary to annex the original of the petition to the transcript, or to file it in this Court. Copies have been held to be sufficient. 4 N. S.; 12 L. 465.

Third. It is not required in a case like that before the Court, in which *executory process* was asked and granted for the seizure and sale

of real estate to pay the debt claimed, that an assignment of error be filed.

The only question presented in such a case is : whether there was legal and sufficient evidence before the judge to justify his *fiat*. Where the evidence in a case is of record, no assignment of error is necessary on appeal. 6 R. 58 ; 26 A. 709.

The motions to dismiss are overruled.

### ON THE MERITS.

We find that the evidence before the judge is an act under private signature, recorded in the office of the parish recorder ; that the notes filed with the petition are countersigned by the deputy recorder, on the day of registry of the act, at the solitary instance of one of the subscribing witnesses.

An order for executory process cannot issue, unless on authentic evidence of the debt and mortgage.

C. P. 732 *et seq.;* H. D. p. 646, *vo.* Ex. Process, 1 (a) (b) p. 651, III. (a) L. D. p. 288, *vo.* Ex. Process, 1 II. III.

It is therefore ordered that judgment of the lower court be reversed, and that these proceedings be dismissed with costs.

### ON APPLICATION FOR REHEARING.

The brief filed on behalf of plaintiffs, on this application, condenses the able argument of their counsel on the trial of the case. The spirit and the letter of the laws, the rulings bearing upon the questions presented, have been subjected to a severe criticism on his part.

Were the argument offered on questions never before agitated, the views urged might have received indorsement, but the subjects reviewed have so long ago, and so frequently since the beginning, been presented, thoroughly discussed, and so pointedly determined, that the rules which the previous Courts have recognized have settled the practice with such solidity that it would be dangerous, probably hurtful, to endeavor to shake them. It would even be useless to do so, as they are generally received, and have perhaps supplied deficiencies, which, otherwise, might be claimed to exist, to the mystification of both Bar and Bench.

Our attention was specially invited to 32 A. 29. That case has reference to an *extended* and not to an *original* return-day for the filing of the transcript. The authorities in the "report of the case," quoted by the appellee, and by the Court, are to the effect, that the appellant is not entitled in such *extension* case to the *three days of grace* allowed when the appeal is *first* made returnable.

The application for a rehearing is disallowed.