BREAUX, C. J.
Plaintiff instituted foreclosure via executiva.
It annexes a mortgage to its petition by authentic acts and notes, duly paraphed, ex *387 ecuted by Powell Bros. & Sanders Company, Limited, W. H. Powell, President.
T. C. Wingate, having been appointed, qualified as receiver.
Wingate, receiver, appealed from the order of seizure and sale, and urges that the order of seizure and sale was not obtained on authentic evidence.
The contention of the appellant, on the other hand, is that the evidence is in authentic form, and that which is not in that form it is not possible to bring up before the court.
Appellee invokes the rule that, where authentic evidence is impossible from the nature of the case, it is not indispensable.
That rule has been held to apply in matter of the proof of the identity of the persons who are regarded as a deseriptio personae.
That was in substance the opinion in Rice v. Davis, 14 La. Ann. 435.
In the case at bar the question is not one which goes to the identity of the persons. It goes to the debt itself, as to whether it is proven by authentic evidence or not.
The act of mortgage before referred to recites that the corporation appears in its corporate name, through its president.
The notary declares in the deed that the president appeared before him and acted by virtue of a resolution passed by the board of directors, authorizing and empowering him to execute the act of mortgage in question, and that a copy of the resolution referred to is attached and made part of the mortgage.
There is no copy of the resolution attached to the mortgage.
An attempt has been made by the appellee to supply the missing copy by ex parte affidavits, made since the date of the mortgage. These affidavits set out that a resolution was passed and adopted. Affiants declared in these affidavits that this resolution was destroyed by fire about April, 1907, and that it was never recorded in the minute book of the company.
The mortgage rests upon this resolution.
The proof would be sufficient in pais, but it is not equivalent to authentic evidence, authorizing a writ of seizure and sale.
We have carefully reviewed the decisions.
Executory process should not issue on other than authentic testimony is a proposition that is amply sustained.
If there is an exception at all to the general rule, it relates to the deseriptio personae, and sometimes to the transfer of negotiable instruments. But, as relates to the debt, the authentic evidence must be complete. Nichol v. De Ende, 3 Mart. (N. S.) 315; Rowlett v. Shepherd, 7 Mart. (N. S.) 515; Dosson v. Sanders, 12 Rob. 238; Chambliss v. Atchison, 2 La. Ann. 491; Gandoz v. Blanque, 23 La. Ann. 520; Tildon v. Dees, 1 Rob. 407.
In the pending case we have seen that the authentic evidence is not complete. The resolution referred to in the act of mortgage is not before us.
The process issues without citation. It is considered a harsh remedy, and for that reason must come strictly within the terms of the law.
It has been decided that the procuration to give a mortgage, in order to entitle the mortgagee to foreclosure proceedings, must be an authentic act. Nichol v. De Ende, 3 Mart. (N. S.) 315; Chambliss v. Atchison, 2 La. Ann. 491.
In the ease at bar the lost affidavit can be considered of about the same value as an act sous seing privé, as to which it has been decided: An act sous seing privé can only be made authentic by a recognitive act setting forth the tenor, executed before a notary and two witnesses.
There is no recognitive act here, or act of any kind to make proof of the authority of the alleged president of the corporation by which it is alleged that the mortgage was given.
It is therefore ordered, adjudged, and de *389 creed, for reasons stated, that the order of seizure and sale dated the 12th day of August, A. D. 1908, in this case, be and the same is hereby avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that the proceedings of foreclosure be dismissed, at cost of plaintiff in both courts.