(64 South. 277.)

No. 19,817.

HOLLIDAY v. LOGAN.

(June 30, 1913. On Rehearing, Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER (§ 273*) — VENDOR'S PRIVILEGE—ENFORCEMENT—PREREQUISITES—DEMAND.

   Though a note, secured by a mortgage and vendor's privilege, be made payable at a particular place, demand for payment at the place specified is not a prerequisite to the obtention of an order of seizure and sale thereon; but the maker and mortgagor may set up the failure to make such demand, as a matter of defense, if he has sustained injury thereby.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 767; Dec. Dig. § 273.*]

2. VENDOR AND PURCHASER (§ 274*)—VENDOR'S PRIVILEGE—RIGHT OF ACTION.

   Where a note is negotiable and is secured by mortgage and privilege, the mortgage and privilege are accessories thereto, and the holder is entitled to recover upon the one and enforce the other, without reference to outside contracts concerning the note, whether recorded or otherwise, to which he is not a party; it being sufficient for the owner of the mortgaged property to know that payment to such holder will discharge the debt.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 769–771; Dec. Dig. § 274.*]

3. PARTIES (§ 40*)—INTERVENTION.

   The rule that an intervener who claims property in controversy between other parties cannot interfere therein further than to prove his right to the property or establish his superior privilege thereon, and that he cannot urge any irregularities in the suit, is not altogether applicable to the case of an owner of property, burdened with a mortgage imposed by an act containing the pact de non alienando, who appeals from an order for its seizure and sale in satisfaction of such mortgage; for, although the mortgagee may enforce his mortgage in such case without notice to the owner, the latter is subrogated to his vendor's rights and has sufficient interest in the contract of mortgage and in the mortgaged property to entitle him to complain of any noncompliance with the law, in the matter of the obtention of such order; and where, on such appeal, it appears that the order was made without the necessary authentic evidence, it will be set aside.

   [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 60–63, 65–67; Dec. Dig. § 40.*]

4. CORPORATIONS (§ 404*)—SALE OF PROPERTY — AUTHORITY OF OFFICERS — EXECUTORY PROCESS.

   Save as provided by Act No. 148 of 1910, the authority of the president of a private corporation to alienate the immovable property of the corporation must appear in authentic form in order to warrant the issuance of an order of seizure and sale to enforce payment of the price.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1626–1628, 1633–1639; Dec. Dig. § 404.*]

On Rehearing.

5. VENDOR AND PURCHASER (§ 269*)—NOTE FOR PRICE—AUTHENTIC ACT—POWER OF ATTORNEY—EXECUTORY PROCESS.

   A power of attorney to sell real estate forms no part of the authentic evidence neces-

sary to authorize an order of seizure and sale against the purchaser and mortgagor on his note given for a part of the price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 759–763; Dec. Dig. § 269.*]

Appeal from Second Judicial District Court, Parish of Webster; John N. Sandlin, Judge.

Action by J. J. Holliday against R. H. Logan. From an order of seizure and sale issued at the instance of plaintiff, Sam L. Mims appeals. Affirmed.

Mims & Dawkins, of Alexandria, Stewart & Stewart, of Minden, and Hundley & Hawthorn, of Alexandria, for appellant. Slattery & Slattery, of Shreveport, for appellee Holliday. Robert Roberts, of Minden, for appellee Logan.

MONROE, J. [1] Sam L. Mims prosecutes this appeal from an order of seizure and sale, issued at the instance of the plaintiff herein to enforce payment of a note for $14,375, executed by defendant in part payment of the price of certain real estate purporting to have been purchased by him from the Minden Fruit & Truck Company, Limited, which note is dated December 23, 1911, made payable December 23, 1912, to the order of the maker, and by him indorsed in blank, and purports to be secured by mortgage and vendor's privileges on the property ordered to be seized and sold. Plaintiff moves to dismiss the appeal on the ground that appellant is without right or interest to litigate the matters relied on to sustain it; and reserving his rights, with respect to said motion, answers, to the same effect, and prays that he be awarded damages, as for frivolous appeal. The motion for appeal alleges that the mover is aggrieved by the order of seizure and sale, and sets out the grounds of his alleged grievance, in substance, as follows: (1) That he bought the property which is threatened with seizure from D. T. Manning, by an act of sale of date November 2, 1912, and still owns it, but was not made a party to the proceeding or given notice of the same; (2) that the order was not supported by authentic evidence showing any mortgage or privilege in favor of plaintiff; (3) that the note sued on is so defective in form as not to constitute authentic evidence sufficient to support said order, and presents no evidence of having been paraphed by the notary; (4) that it is made payable at the Bank of Minden, but there is no evidence that payment was there demanded, or that such demand was made upon, or notice given to, the maker through said bank; (5) that it is pretended to be made payable to the order of the vendee of the property, and to be by him indorsed in blank, but that the conveyance and mortgage records of the parish show that it was sold and is now owned by H. W. Head and J. T. L. Neill, and that plaintiff owns no interest therein; (6) that the act of sale and mortgage sued on fails to disclose an authentic copy of any resolution of the board of directors of the Minden Fruit & Truck Company, Limited, authorizing the president to sign said act; (7) that said company is organized for the purposes of owning said property and producing fruit and truck, and that, "by attempting to pass said act and mortgage, * * * it attempted to divest itself of all the property * * * that it owns in this state, * * * and that same could not be done without authentic proof of resolutions of the board of directors, and that they could not subsequently transfer the note herein * * * except by authentic proof of resolutions passed by its board of directors, authorizing the proper officer to make such transfer, * * * and that no such resolution was ever passed." Mover prayed that a curator ad hoc be appointed to represent plaintiff, and for citation of appeal upon him and upon the curator appointed to represent defendant; and the appointment was made, the citations were served, and the appeal has

been duly returned. The appellant has not appeared in this court, and no argument, whether oral or printed, has been presented in his behalf. We find, upon examining the transcript, that the order of seizure and sale issued upon a notarial act of sale and mortgage, authentic in form, and upon the note heretofore mentioned, concerning which, the act recites that it was made by the vendee, payable to his own order, by him indorsed in blank, secured by mortgage and vendor's privilege upon the property in question, and was so made and secured as representing part of the price of said property. The act contains the pact de non alienando, and the note is duly paraphed and otherwise identified therewith. The fact that it is made payable at the Bank of Minden and that no demand for payment is shown to have been there made is immaterial; such demand not being required as a prerequisite to this action, though the failure to make such demand might be set up by the maker, if he has sustained injury thereby. McDonough v. Fost, 1 Rob. 295; Ripka v. Pope, 5 La. Ann. 61, 52 Am. Dec. 579; Stokes v. Forman, 12 La. Ann. 671; Renshaw v. Richards, 30 La. Ann. 398; Pargoud v. Richardson, 30 La. Ann. 1290; Act No. 64 of 1904, § 70.

[2] The note being negotiable, and the mortgage and privilege being accessories, the holder is entitled to recover upon it and enforce those rights without reference to outside contracts, recorded or otherwise; it being sufficient for the owner of the property to know that a payment to such holder will discharge the debt. C. C. art. 2645; Mathe v. McCrystal, 11 La. Ann. 4; Race v. Bruen, 11 La. Ann. 35; Rice v. Davis, 14 La. Ann. 435; Scott, Williams & Co. v. Turner, 15 La. Ann. 346; Lapin v. Lapin, 21 La. Ann. 52; Durac v. Ferrari, 25 La. Ann. 80; Bank v. Simmes, 26 La. Ann. 147; Carroll v. Chaffe, 35 La. Ann. 83. Appellant's allegation that the act of sale and mortgage sued on fails to disclose an authentic copy of any resolution of the Minden Fruit & Truck Company, Limited, authorizing its president to sign said act, is in accordance with the fact. The act purports to be executed by the company named, represented by its president, and it contains a recital to the effect that a resolution of authorization was passed by the board of directors and that a copy thereof is attached to the act; but there is no such copy in the transcript.

[3, 4] In the situation thus presented, counsel for plaintiff seeks to apply to the appellant the rule, applicable to interveners, to the effect that an intervener, who claims property in controversy between other parties, cannot interfere therein, any further than to prove his right to the property or to establish a superior privilege thereon, and cannot urge any irregularities in the suit. West v. His Creditors, 8 Rob. 128. See, also, Fleming & Baldwin v. Shields, 21 La. Ann. 118, 99 Am. Dec. 719. The difference between the two cases is, however, an obvious one; for, if A. and B. engage in a litigation about a matter personal to themselves and involving their respective rights in or to certain property, which is assumed to belong to one, or the other, or both of them, the intervener, who comes in to claim the property as his own, has no interest in the litigation as between A. and B., but is concerned only with the establishment of his own title. But in the case now before the court, Holliday, the plaintiff, and Logan, the defendant, were engaged in a litigation involving property the title to which is conceded to be in the appellant, who may be said to have intervened for the purpose of appealing from the order, or quasi judgment, obtained by plaintiff without notice to him, ordering that the property be sold. The record shows that the property in question was sold by the Minden Fruit & Truck Company to Logan, and plaintiff's counsel say, in their brief, was "shortly

thereafter sold to D. T. Manning, * * * and subsequently, by said Manning, to Sam S. Mims, * * * appellant and present holder of the property." It is evident therefore that there was no necessity for Mims to intervene, or appeal, in order to set up his title, since no one disputes it. The grievance upon the basis of which he appealed must, then, have been something other than an attack upon his title; from which it follows that, unlike the intervener, in an ordinary case, he is concerned, if concerned at all, with something other than the establishment of his title. The appellant, in such case, must not only allege, but must show, the grievance of which he complains; and, if his allegation upon that subject is not sustained by the record and involves a disputed question of fact, the case will be remanded in order that evidence may be introduced concerning it. Where, as in this case, the appellant has purchased property subject to a mortgage imposed by an authentic act containing the pact de non alienando, the mortgage may be enforced by seizure and sale, without notice to him, but he is interested in requiring, and has the right to require, that the proceeding be conducted in the manner and under the conditions prescribed by law, since the holder of such a mortgage acquires no right to enforce it in any other way, either as against his vendee or the vendee of his vendee, and, but for the pact de non alienando, would be obliged to proceed directly against the vendee last mentioned.

In Marquise de la Villa Palma v. Abat & Generes, 21 La. Ann. 11, it was held that (quoting from the syllabus):

"The insertion in the act of mortgage of the pact de non alienando does not invest the mortgage creditor with the right to disregard the forms of law in making a forced alienation of the mortgage debtor's property. The nonalienation clause springs from the agreement of the parties and dispenses the mortgage creditor from the necessity of resorting to the hypothecary action."

In the body of the opinion, the court said:

"He" (the mortgage creditor) "can proceed to enforce his mortgage directly against his mortgage debtor without reference to the transferee of that debtor. But still the transferee is subrogated to his vendor's rights, by virtue of the purchase, and has sufficient interest in the object of the contract of mortgage to sue to annul the sale if the forms of law have not been complied with by the mortgage creditor or his vendor in making the forced sale."

And to the same effect is the decision of the Supreme Court of the United States in Watson v. Bondurant, 21 Wall. (88 U. S.) 123, 22 L. Ed. 509, where the language above quoted is approved.

If, then, the transferee of the property, holding under the mortgagor, has an interest to complain of noncompliance with the law in the execution of the order for the seizure and sale of the property, equally has he an interest to complain of such noncompliance in the obtention of the order, and, it is that complaint which the appellant before the court now urges, and which is sustained by the record; for an order of seizure and sale can issue only upon authentic evidence. Wood & Roane v. Wood, 32 La. Ann. 801; Bonnecaze v. Lieux, 52 La. Ann. 289, 26 South. 832. And where an act of mortgage has been consented to by an agent, authentic proof of the agent's authority must be made to obtain executory process. Crescent City Bank v. Blanque, 32 La. Ann. 264. In Bank of Leesville v. Wingate, 123 La. 386, 48 South. 1005, and Interstate Trust & Banking Co. v. Powell Bro. & Sanders Co., Ltd., 126 La. 22, 52 South. 179, the rule last above stated was applied to cases where, as in the case now under consideration, acts of mortgage purporting to be the acts of private corporations were executed by the presidents of the corporations, and, authentic evidence of the authority of such agents not having been produced, it was held that the orders for writs of seizure and sale which had been is-

sued were unauthorized. In the case last cited it was held that (quoting the syllabus):

"Executory process on a notarial act of mortgage, executed by the president of a private corporation, will not lie, in the absence of authentic proof of the president's authority to act in the premises. A paper purporting to be a copy of a resolution passed by a board of directors and certified as a correct copy by a person styling himself secretary, but not bearing the seal of the corporation, cannot be considered as an authentic instrument."

Upon the face of the record, this case does not fall within the meaning of Act No. 148 of 1910. It may be that a resolution, such as that referred to in the act of mortgage, was adopted; but, if so, it should have been annexed to the act and exhibited to the district court, for, without it, that tribunal could not legally have made the order which is the subject of this appeal. Whether, in an action via ordinaria, the appellant, claiming, as we take it, that he does, through Manning, from Logan, could be heard to attack Logan's title, is another question, which we consider it unnecessary to decide at this time; it being sufficient for the purposes of this case to hold as we do, that the appellant, as the present owner, has an interest and right to question the sufficiency of the evidence upon which the order for the seizure and sale of the property was made, and that we find that the evidence was insufficient.

It is therefore ordered, adjudged, and decreed that the order of seizure and sale herein made be annulled and avoided, and that this proceeding be dismissed at the cost of plaintiff in both courts.

### On Rehearing.

LAND, J. [5] Plaintiff sued out executory process against the defendant. Sam S. Mims, a third person, has appealed from the decree of foreclosure. The appellant's right to appeal is based on an allegation that he is the record owner of the property in question, and that the plaintiff is proceeding to sell the same contrary to law. The appellant alleges that he purchased from D. T. Manning as per deed annexed to his petition for an appeal. There is no allegation or evidence that Manning purchased from the defendant Logan, or any other person.

But conceding arguendo that the appellant has the same right as the defendant to urge that the decree of foreclosure issued on insufficient evidence, we will consider whether or not the authentic evidence in the record warranted the issue of the executory process in question.

On December 23, 1911, by an act passed before a notary and two witnesses, the Minden Fruit & Truck Company, through its president, E. L. Stewart, sold to Richard H. Logan several tracts of land for $20,000, payable $7,500 in cash, and the balance in note of the purchaser for $14,375, due one year from date, to the order of the purchaser and by him indorsed. In order to secure the payment of said note, a special mortgage and vendor's privilege were stipulated on the property conveyed in favor of said vendor or any future holder of said note. The act contained the pact de non alienando, and was declared to import a confession of judgment. The act was duly recorded on January 2, 1912. This instrument duly signed by the vendee and mortgagor contained the following recital, to wit:

"Be it known that this day before me, Arthur Dupuy, notary public, duly commissioned and sworn, came and appeared E. L. Stewart, president of the Minden Fruit & Truck Company, Limited, of Minden, La., who is herein authorized by the board of directors of said company to make this deed by resolution of this date, a copy of said resolution is hereto attached and made a part of this deed, etc."

The mortgage note was annexed to the petition, and shows that it was duly paraphed by the notary and indorsed in blank by R. H. Logan. A copy of the resolution of the board of directors referred to in the act was not annexed to the copy of the act of mortgage.

Article 732 of the Code of Practice provides that executory process can be resorted to "when the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor." The act of mortgage in question contains these two essential elements. It has been held that to warrant executory process the authority of an agent to execute the mortgage should be shown by authentic evidence. Crescent City Bank v. Blanque, 32 La. Ann. 264; Gaudoz v. Blanque, 23 La. Ann. 520; Tildon v. Dees, 1 Rob. 407. Of course, these decisions have no application to the case at bar where the mortgagor himself executed the act.

As to the necessity of proving the agency to sell by authentic evidence, the court, in the case of Snow v. Trotter, 3 La. Ann. 269, said:

"It is not material to inquire whether the power of attorney under which the plaintiff's agent acted was authentic in form. In the act of mortgage on which the order of seizure and sale was granted, the defendants have recognized the agent's capacity, and the mandate under which he acted is specially recited. The power of attorney formed no part of the testimony necessary to authorize the order of seizure and sale."

The original record in that case shows that neither the tenor nor substance of the power of attorney was recited in the notarial act, but that the instrument was referred to as a mandate from the vendor to the agent, and was filed for reference.

It becomes necessary to reconsider the cases cited in our original opinion.

In Crescent City Bank v. Blanque, 32 La. Ann. 264, the act of mortgage purported to have been signed by an agent of the mortgagor, and the court said:

"The defendant, having appealed, assigns as error, patent on the face of the record, the want of authentic evidence of the authority of the agent. That such evidence was necessary is no longer an open question."

In Wood & Roane v. Wood, 32 La. Ann. 804, the court said:

"We find that the evidence before the judge is an act under private signature, recorded in the office of the parish recorder; that the notes filed with the petition are countersigned by the deputy recorder, on the day of the registry of the act, at the solitary instance of one of the subscribing witnesses.

"An order for executory process cannot issue, unless on authentic evidence of the debt and mortgage"—citing authorities.

The case of Bonnecaze v. Lieux, 52 La. Ann. 285, 26 South. 832, was an injunction suit against the sale of property under executory process, and is stated as follows:

"In June, 1897, however, the plaintiff sued out executory process, and caused the entire property to be seized and advertised, and thereupon the six children and heirs of Mrs. Lieux enjoined, setting up the title derived from her to an individual half interest therein, and alleging that said interest had not been mortgaged by them or by their consent."

In Bank of Leesville v. Wingate, 123 La. 386, 48 South. 1005, the mortgage was executed in the name of Powell Bros. & Sanders Company, Limited, by W. H. Powell, president; and there was no authentic evidence of the authority of the president to grant the mortgage. Inter alia, the court said:

"In the case at bar the question is not one which goes to the identity of the persons. It goes to the debt itself, as to whether it is proven by authentic evidence."

In Interstate Trust & Banking Company v. Powell Bros. & Sanders Co., Ltd., 126 La. 22, 52 South. 179, the gist of the decision is stated in the syllabus as follows:

"Executory process on a notarial act of mortgage executed by the president of a private corporation will not lie, in the absence of authentic proof of the president's authority to act in the premises."

None of these decisions are applicable to the case at bar, where the purchaser and mortgagor himself signed the act, hypothecating the property to secure the payment of a part of the purchase price, represented by his note, indorsed in blank.

The notarial act signed by the defendant furnishes full and complete authentic evidence of the debt and the mortgage. The note attached to the petition furnishes authentic evidence that the debt is due to the holder, the plaintiff.

In Snow v. Trotter, supra, the court held that the power of attorney to sell formed no part of the evidence necessary to authorize the order of seizure and sale. This ruling accords with article 732 of the Code of Practice, which provides that executory process may be resorted to "when the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor."

Article 733 of the Code of Practice provides as follows:

"An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the debtor has declared or acknowledged the debt for which he gives the privilege or mortgage."

The next article declares that, when the creditor is in possession of such an act, he may proceed against the debtor by causing the property subject to the privilege or mortgage to be seized and sold. The Code of Practice requires no other proof, but provides that the debtor may arrest the sale by injunction on certain grounds. In the case at bar the debtor and mortgagor has neither appealed nor enjoined. The appellant is a third person, claiming ownership by virtue of a deed of sale from another third person, and his right to appeal is doubtful. But conceding his right to appeal, he is in no better position than the defendant.

It is therefore ordered that the decree below be affirmed, and that the appellant pay costs of appeal.

PROVOSTY, J., being absent on account of illness, takes no part on the rehearing, granted in this case.