HARDY, Judge.
This matter comes before us on appeal by John Thomas Adams, intervenor and third opponent, from a judgment sustaining exceptions of no right or cause of action and rejecting said intervenor’s demands.
This litigation has followed a long and involved course through the trial and appellate courts and accordingly it is desirable that we set forth in some detail the background upon which the claim of this inter-venor is superimposed.
The main demand was made by May Finance Company of Oak Park, Michigan, as vendor of an automobile under a conditional sales contract, against Lavon Nagy, the vendee, who, after defaulting in payment, was alleged to have unlawfully removed the automobile to the State of Louisiana. Also made defendant was Narvis J. Lee, who had purchased the car from an individual' by the name of Mawhy, who was apparently one and the same person as plaintiff’s vendee, Nagy. Plaintiff procured the seizure of the automobile, which at the time thereof was in the possession of this intervenor, John Thomas Adams, who claimed the vehicle by purchase from defendant Lee. As consideration for the automobile Adams, by deed of conveyance, had transferred to Lee a particularly described tract of land containing 1.89 acres, more or less, situated in Caddo Parish, Louisiana.
Adams intervened in the suit, first resisting the demands of plaintiff and alternatively praying the annulment of the purported sale, the placing of the parties thereto in status quo ante, and the restoration of the property which he had conveyed to Lee.
On exception of no cause or right of action filed on behalf of defendant Lee, the alternative demand of intervenor was dismissed by action of the district judge, which action is shown by the minutes to have been taken on February 19, 1951.
After trial on the merits judgment was rendered in favor of plaintiff, from which both defendant Lee and intervenor Adams appealed to this court. The appeal was considered and judgment rendered thereon October 31, 1952. The facts involved are fully set forth in the opinion of Judge Mc-Innis, La.App., 62 So.2d 152.
The judgment of this court affirmed the judgment in favor of plaintiff, but, for reasons assigned in the opinion, the judgment granted the alternative relief sought by. intervenor and ordered the annulment of the conveyance from Adams to Lee of the property described.
Notwithstanding the fact that counsel for all parties, plaintiff, defendant and in-tervenor, had appeared in argument and by brief before this court on appeal, an application for rehearing on behalf of defendant, Lee, pointed out the action of the district court in dismissing the alternative demand of intervenor, Adams. The error was corrected by a per curiam memorandum granting the rehearing and affirming the judgment of the district court, which action was taken December 10, 1952, 62 So.2d 155.
Subsequently writs of certiorari were directed to and granted by the Supreme Court. After consideration the Supreme Court rendered judgment July 6, 1953, reinstating and making final the judgment of this court, 223 La. 816, 66 So.2d 860, 862. On December 17, 1952, counsel for inter-venor had procured the signing of a judgment by the judge of the district court, which judgment maintained the exceptions to the intervention and rejected Adams’ demands. Thereupon an appeal was taken on behalf of intervenor. When this appeal was lodged in this court it was ordered to be transmitted to the Supreme Court to be there incorporated with the appeal on the main demand. However, from the opinion of the Supreme Court it appears that cognizance was not taken of intervenor’s appeal. The opinion noted that a brief had been filed on behalf of the intervenor, but relief was refused on the ground that intervenor had not applied for a writ of certiorari, and as a consequence “the phase of the case in which he is interested is not before us for review.”
*712 The appeal of the-intervenor was again lodged in this court; and his counsel-filed a motion to vacate the order of this court transferring his appeal, and asked the docketing and orderly disposition thereof by this court. The motion was granted, and, by agreement of counsel, the matter was submitted on briefs already filed.
Our views with respect to intervenor’s demand against defendant, Lee, were expressed in the opinion of this court on original consideration of the appeal and may be found in the report of the case as cited supra in 62 So.2d 152.
Re-examination of the record has only served to convince us more firmly of the justice of intervenor’s demand. There is not the slightest room for doubt as to his right to recover the property -which was conveyed as consideration ■ for the purchase of the automobile from Lee. As noted in our original opinion we considered both Leé and Adams to have been in good faith in this transaction, but, in view of the failure of Lee’s title and intervenor’s consequent loss of the automobile by seizure and sale, every consideration of law and equity indicates that intervenor is entitled to cancellation of the deed to the property involved.
Inasmuch as the- exception to intervenor’s demand was sustained upon the basis of reasons orally assigned, we have no written record of such reasons. The only possible clue which we have been able to unearth from the record is an observation in brief of defendant’s counsel to the effect that the court followed “the case of West v. His Creditors, in 8 Rob. 123, which held an in-tervenor claiming property in controversy between other parties cannot interfere further and approve his right to the property. Also Article 389 of the Code of Practice defines an intervention. Even if the lower court was in error in its ruling, nevertheless there is not evidence to support inter-venor’s claim upon which a judgment could nave been rendered.”
We do not construe the cited case in the light in which it was apparently considered. Our appreciation of the holding in the West case is that the ruling was restricted under the particular circumstances of the case to an observation of the principle that an in-tervenor canno't interfere to the extent of contesting the plaintiff’s claim as against the defendant," nor is he allowed to plead exceptions 'which are intended to effect the dismissal of: plaintiff’s action against the defendant. This principle is followed in Cordill v. Succession of McCullough, 20 La.Ann. 174; Fleming & Baldwin v. Shields, 21 La.Ann. 118; Hawkins & Roberts v. Beer, 37 La.Ann. 53; Gilkeson-Sloss Co. v. Bond & Williams, 44 La.Ann. 841, 11 So. 220; Holliday v. Logan, 134 La. 427, 64 So. 277.
We do not think the principles enunciated in the above cases touch upon the question here tendered. This intervenor has made no effort to interfere or to obstruct the action as between plaintiff and defendant but has only proceeded to protect his interests, first, by asserting - title, and; - alternatively; by seeking redress under his warranty deed against- defendant. We find nothing inconsistent with the rules governing intervention in this procedure. Nor do we' observe the pertinency of counsel’s reliance upon Article 389 of the Code of Practice. The article specifically provides that an intervenor "may oppose both plaintiff and defendant in those cases where his interest so requires. This is exactly what was done under the alternative pleading of the intervention in this case.
Finally, we do not perceive the merit of counsel’s argument of a lack of evidence to support intervenor’s claim. On the contrary we think defendant’s answer to the petition of intervention is sufficient in itself to sustain intervenor’s right to relief. Specifically Article 1 of intervenor’s petition alleged his purchase of the automobile from defendant, Lee, “by authentic "act, executed before Donald C. Dickson, a Notary Public in and for Caddo Parish, Louisiana, in which the vendor gave full.warranty of title.” Defendant, without qualification, admitted the allegations of this article of .intervenor’s petition. Additionally, we note from the record that, under examination by his own counsel, the defend *713 ant, Lee, identified and admitted the execution of the bill of sale in favor of Adams and acknowledged the representation of the consideration thereof by a deed to a certain tract of land. The same testimony was given by intervenor without any objection on the part of defendant. ■
Under these circumstances we fail to perceive how it can be reasonably contended that the record contains no evidence in support of intervenor’s claim. ■
Accordingly it is ordered, adjudged and decreed that there be judgment in favor of intervenor, John Thomas Adams, and against the defendant, Narvis J. Lee, annulling and setting aside the conveyance from John T. Adams to Narvis J. Lee of the following described property:.
A parcel of land in the 'N% of Section 32, township 17 N. Range 14 W., Caddo Parish, La. more fully described as follows: From the intersection of the southeast right-of-way line of the Texas & Pacific Railroad with the southwest right-of-way line of the Meriwether Road, run thence south 38 degrees, 0 minutes east along the southwesterly line of said road, 600 feet to the point of beginning of tract herein described. Run then south 40 degrees 0 minutes west and parallel to the center line of said Texas & Pacific Railroad 726 feet; run thence easterly a distance of 134.7 feet to a point; thence north 40 degrees 0 minutes east and parallel to the center line of said Texas & Pacific Railroad 676 feet to the southerly right-of-way line of the Meri-wether Road, thence north 38 degrees 0 minutes west along the southerly line of said road 120 feet to the point of beginning, containing 1.89 acres more or less.
It is further ordered that all costs of this intervention in both courts be taxed against Narvis J. Lee, defendant.