HARDY, Judge.
' The facts in this case are set forth in the opinion of this court dated January 26, 1954 and reported in 71 So.2d 710. Pursuant to our judgment on rehearing the cause was remanded to the First District Court for action on the merits. Judgment was rendered by said court in response to a motion by intervenor for judgment on the pleadings, which motion was sustained. From this action and judgment defendant has appealed.
Before this court it is urged by counsel for defendant that the judgment is in violation of the provisions of Articles 390 and 394 of the Code of Practice. It is further contended that the lower court erred in overruling a plea of lis pendens filed by defendant.
We think our opinion, cited súprá, disposes of the first contention with the possible exception of a new árgument which is now asserted to the effect that Article 394 of the Code of . Practice requires pronouncement upon the merits of an intervention at the same time as the decision on the principal action. Counsel contends that the main action has long since become final and..that the attempted adjudication *60 o'f the opposed claims of intervenor "and defendant cannot now' be independently considered.' ,
We find no merit in this proposition‘in view of the fact that the; rights óf the1 intervenor have never been finally judicially determined. We 'find no authority for the proposition that an intervenor must be deprived of relief solely because of the determination of the rights as between the principal parties. 1 - -In the instant: case the action of intervention has not delayed, interfered with nor prejudiced the rights of the principal parties litigant, plaintiff and defendant. Having held that intervenor was entitled to prosecute his demand for alternative relief against this defendant it follows that he is entitled to final judgment disposing' of his claims.
The plea of lis pendens is based upon the claim by counsel for defendant that inter-venor had filed two separate and independent- actions in the First District Court against this defendant seeking the same relief which, he claims in this action by way of intervention. Reference to the minutes of the District Court discloses the following entry:
“Plea of lis pendens by Narvis J. Lee argued and submitted. In view of the dismissal of Suit No. 105,398, John Thomas Adams vs. Narvis J. Lee, et al., and No. 107,585, John Thomas Adams vs. Narvis J. Lee, et al., said plea of lis pendens was overruled.”
We find no error in the ruling of .the district court.
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from annulling and setting aside the conveyance from .John Thomas Adams to Narvis J. Lee of the following described property:
“A parcel of land in the Nj^ of Séfc''tion 32, Township 17’N., Range 14 W.; ' Caddo Parish, La., more fully1 described as follows: From the intersection of the southeast right-of-way line1 ■' of the Texa's & Pacific Railroad with the southwest right-of-way line Of the Meriwether Road, run thence south 38 degrees 0 minutes east along the southwesterly line of said road, 600. feet to the point of beginning of tract herein described. Run then south 40 degrees 0 minutes west and parallel to the center line of said Texas & Pacific Railroad 726 feet; run thence easterly a distance of 134.7 feet to a point; thence north 40 degrees 0 minutes east and parallel to the center-'line of said Texas & Pacific Railroad 676 feet to the southerly right-of-way line of the Meriwether Road, thence north 38 degrees. 0- minutes- west along the southerly line of said road 120 feet to the point of beginning, containing 1.89 acres more or less.”,
be and it is hereby affirmed at appellant’s Cost.