<div style="margin">
WESTERN DIST.

Oct. 1838.

MOSS
*vs.*
BYRNES.

MOSS *vs.* BYRNES.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE THEREOF PRESIDING.

Where a mortgage is taken to secure the payment of a note, a demand of payment *must be alleged, and proved* to have been made, at the place designated, before an order of seizure and sale can be supported to enforce payment.

This suit commenced by order of seizure and sale, granted on the following promissory note, secured by mortgage :

"$4089.                                    Concordia, 1st July, 1837.

On or before the 15th day of March next, I promise to pay to Chester D. Moss, or order, four thousand and eighty-nine dollars, for value received, payable and negotiable at the Union Bank of Louisiana, New-Orleans.

W. BYRNES."

A mortgage was executed by notarial act, with which this mortgage was identified and paraphed, "*ne varietur*," in which said Byrnes declared he was indebted to Chester D. Moss in the sum stated, for which he had executed *his note of even date*, "payable and negotiable at the Union Bank of Louisiana," etc.

The plaintiff alleged, that at the maturity of said note, *payment was duly and amicably demanded* of said Byrnes, who refused to make said payment, etc.

There was no protest of the note, or any evidence that it was ever presented at the Union Bank of Louisiana for payment, where it was made payable. A suspensive appeal was prayed and granted from said order.

*Dunlap* and *Stacy*, for the appellant, assigned for error that there was no allegation in the petition, or proof offered of a demand of payment; or that the note was ever presented and payment demanded at the place where it was made payable; for these errors the order of seizure and sale should be annulled and set aside, and the proceedings dismissed.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from an order of seizure and sale, granted on an authentic act of mortgage, by which he acknowledged himself indebted to the plaintiff in a sum for which he had executed his note, payable at a particular place, and to secure the payment of said note, he mortgaged, etc. He assigns as error apparent on the face of the record, that the plaintiff's petition did not allege a demand of payment at the place named in the note, and that there is no proof of such a demand.

Where a mortgage is taken to secure the payment of a note, a demand of payment *must be alleged and proved,* to have been made at the place designated, before an order of seizure and sale can be supported to enforce payment.

This case has been submitted to us without any argument. The authentic act acknowledging a debt, might have been the ground of a personal action, because the giving a note does not discharge a pre-existing debt. We do not mean to say that a recovery could be had, without producing or accounting for the note, which might have been negotiated at the time of the suit, or could be so even after judgment.

In the present case, however, the act expressly sets forth, that the mortgage is given to secure *the payment of the note*, on which no personal or hypothecary action can be supported, until payment be first demanded at the place therein named. Such a demand is neither alleged or proved in this case.

WESTERN DIST.

*Oct.* 1838.

It is, therefore, ordered, adjudged and decreed, that the order of seizure and sale be set aside, and that the plaintiff and appellee pay all costs.