## MONGET, Tutor *v.* PATE.

A surviving wife can only exonerate herself from personal liability for one half of the debts of the community of acquets and gains, by an express renunciation. The community cannot be accepted with benefit of inventory. C. C. 2378, 2379, 2382.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *G. S. Lacey*, for the appellant. *Brunot*, for the defendant, cited 10 La. 426.

C. C. 1023, 1024, 2383.  C. P. 977.  The judgment of the court was pronounced by

KING, J.  This case was before us in April last, upon an appeal from a judgment dismissing the action, on an exception taken by the defendant to the right of the plaintiff to proceed against her, either personally, or in her representative capacity of tutrix.  The judgment of the lower court was then reversed, and the cause remanded for the purpose of enabling the plaintiff to proceed against the defendant, *Louisiana Pate*, personally.  2 Ann. Rep. 485.  On the second trial judgment was rendered against the plaintiff, and he has appealed.

The plaintiff's demand is fully proved, and the only question presented is, whether the defendant has accepted the community and thereby rendered herself personally liable for one half of its debts.  After the death of her husband the defendant caused an inventory of his succession to be made, and subsequently, in a notarial act, declared that, "after having examined the affairs of her deceased husband, and the indebtedness of his estate, she came to the conclusion of accepting his estate, with benefit of inventory."  In the same act she accepted the succession with the benefit of inventory for her minor children, under the advice of a family meeting.  It is contended that this is a conditional acceptance, by which the defendant has not rendered herself absolutely liable.  Under the provisions of our Code, the community of acquets and gains cannot be accepted with the benefit of inventory.  The surviving wife must accept or renounce it unconditionally.  She may exonerate herself from the debts of the community by an express renunciation, and preserves the right of renouncing by causing an inventory to be made within the delay, and with the forms, prescribed by law.  C. C. Arts. 2378, 2379, 2382.  10 La. 427.  In the case of *Flood* v. *Schaumburg*, 3 Mart. N. S. 631, in which the subject was elaborately examined, under the provisions of the old Code, similar to those of the new, the court said, that "inventory and acceptance under it are sufficient to enable the heirs to escape responsibility in their personal capacity.  Inventory and renunciation are both required to enable the wife to enjoy the same privilege."  The defendant in the present instance has manifested no intention to renounce the community; but, on the contrary, has formally declared that she has accepted it.  The illegal condition which she annexes to the acceptance must be disregarded.  We think that the defendant has rendered herself liable for one half the debt claimed, and that the court erred in rejecting the plaintiff's demand.  The difficulty suggested, of executing the judgment, cannot occur.  It is personal against the defendant, and cannot be executed upon the effects of the succession.

It is therefore ordered that the judgment of the District Court be reversed.  It is further ordered that the plaintiff have judgment against the defendant personally, for one half of the debt claimed in the petition, to wit, for the sum of $154 82, with ten per cent interest from the 26th of February, 1841, until paid; for the further sum of $10, with like interest from the 22d August, 1840, until paid; and for the further sum of $34 62, with eight per cent interest from the 24th of May, 1841; the appellee paying the costs of both courts.