### J. H. STOKES v A. FORMAN, Administrator.

S. purchased property at the succession sale of F. and gave his note for the price. S. having married F's widow, and suit having been brought on the note, he plead in compensation the interest of his wife in the community of F. and herself. But held, the plea was bad, because the quality of debtor and creditor was not united in the same person, and because, also, the debts were not equally liquidated and demandable.

APPEAL from the District Court of Vermillion. *Voorhies*, J.
D. O'Brien, for plaintiff and appellant. C. H. Mouton & A. De Blanc, for defendant.

BUCHANAN, J. The plaintiff purchased a slave at the succession sale of *Neville Forman's* effects, and gave his notes for the price, secured by special mortgage upon the slave. At maturity the notes being unpaid, suit was brought *via executiva* and the slave was seized. Plaintiff now enjoins the sale on the grounds, 1st, That he is entitled to plead in compensation, the share of his wife (who had been the widow of *Neville Forman*,) in the community of acquests and gains formerly existing between her and said *Forman*.

2d. That there was no proof of the notes having been demanded of him, at the place where they were made payable.

I. In the case of *Thibodeaux's* succession, 10 Ann. p. 653, it was held that the administrator of a succession could not compensate the unpaid price of a purchase of succession property, against the share coming to the wife of the purchaser as an heir of the succession. The converse of the proposition is here presented, and must receive the same solution. It is evident that to effect compensation the quality of debtor and creditor must be united in the same person, which is not the case before us. Again, the two debts must be equally liquidated and demandable, which is not shown in the present instance.

As to the necessity of proving presentation at the place where the note is payable, as a prerequisite to recovery against the maker, this cannot be considered an open question since the case of *Ripka* v. *Pope*, 5 A. 61, in also 5 Ann. 188, *Ibid*, 720, 3 Ann. 90, *Ibid*, 131.

The appellee has asked for damages for a frivolous appeal, and we think him entitled to them.

It is therefore adjudged and decreed, that the judgment of the District court be affirmed, with eighty dollars damages for this frivolous appeal, and costs in both courts.