## Miss McCalop *v.* Fluker's Heirs.

Executory process may be taken out against mortgaged property of an estate yet in course of administration. .

Where notice of an order of seizure and sale was given to the defendant as tutrix, she having full authority as such to represent the estate in the proceeding, her qualifying as administratrix did not render it necessary that she should be notified in this latter capacity also.

The maker of a promissory note cannot object to the failure of the holder to demand payment at the place of payment, unless he can show that by such failure his funds there deposited to meet his obligation had been lost.

Judgment amended in the Supreme Court so as to cover an instalment of the mortgage debt falling due since the order of seizure and sale was granted.

APPEAL from the District Court of East Feliciana, *Ratliff,* J.

*Smiley & Perrin,* for plaintiff. *D. C. Hardee,* for defendant and appellant.

Cole, J. The administratrix of the estate of *David Jones Fluker* has appealed from an order of seizure and sale. The principal objection to its validity is that executory process cannot issue against mortgaged property in the course of administration, comprising part of the effects of a succession represented by an administrator.

This objection has been already considered by this court, and decided to be of no force. The authorities quoted in the decree of the District Judge sustain the judgment.

In *Boguille* v. *Faille,* 1 An. 205, the court say: "The right of the hypothecary creditor to proceed against the mortgaged property in the possession of the debtor's heirs appears to be beyond controversy." Vide also 2 An. 513; C. P. 62 and 734.

It is also urged that the administratrix ought to have been notified of the order of seizure and sale.

The administratrix is *Mrs. J. A. Fluker,* who is also the widow in community and tutrix to his minor children.

As tutrix she had the right of administration without being specially qualified as such; if then she had not been appointed administratrix, the notice to her in this case would have been good.

Her qualification as administratrix, which was not absolutely necessary, cannot render the notice insufficient, which was given to her as widow in community and as tutrix.

It is also objected that the notice of protest was not served on any one.

*D. J. Fluker* was the maker, plaintiff was the payee and holder. No protest was then necessary as regards *Fluker,* unless he could establish that the note would have been paid, if demand had been made at the place of payment, and by the neglect of plaintiff so to do, that his funds there deposited to meet this obligation had been lost.

Plaintiff has asked to have the judgment amended, as the last instalment mentioned in the petition and act of sale has become due since executory process issued in this cause.

It is therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, so that the property seized in this case be sold for

McCalop.
*v.*
Fluker.

cash to meet the last instalment of seven thousand dollars, with eight per centum interest thereon from the first day of January, 1854, and it is ordered, that the judgment aforesaid be in all other respects affirmed, and that appellant pay the costs of appeal.