### J. V. CATALOGNE v. J. M. ALVA.

The holder of a promissory note, payable at a specified place, secured by an act importing a confession of judgment, is entitled to executory process against the maker without making authentic proof that the note was presented at that place for payment.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *H. R. Grandmont*, for plaintiff. *L. Castera*, for defendant and appellant.

COLE, J. The sole question in this case is, whether, when an act of mortgage imports confession of judgment in favor of the holder of a note payable at a specific place, the holder of said note is entitled to have the executory process issued without alleging that he has presented the note at the place designated for its payment, or by alleging that he has presented the note to the defendant who has refused to pay, without proving either of said allegations.

The recent decisions of this court do not, in ordinary actions, require proof of demand of payment at the place specified in a note, but the debtor has the right to show he had funds at the place of payment, and was injured by the neglect of the holder of the note to demand its payment at the place specified therein for payment.

We think that the reason of this principle applies to executory process, and the mortgagee is entitled to it without authentic evidence of demand of payment at the place specified in the mortgage note.

If the mortgagee has never demanded payment at the place designated in the note, and the mortgagor is thereby injured, the latter can arrest the order of seizure by an injunction.

If, then, it is not necessary to have authentic evidence of demand of payment at the place specified in the note, it is not then requisite to allege the demand in the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.