## No. 434.

### J. F. PARGOUD v. MRS. SARAH RICHARDSON.

The stamping of the note sued upon was not necessary as the act accompanying the note was stamped.

The objection that the note was not presented at the place of payment at its maturity, according to the agreement of parties, is not fatal. This agreement is not a stipulation in the act of sale and mortgage connected with the note, but was added to the note some some time after its date, and authentic proof of a compliance therewith can not be required.

The alleged insufficiency of the stamps, amounting to fifty cents on the act of mortgage, does not invalidate the writ of seizure and sale issued on the evidence of said mortgage act; it is on the authenticity of the evidence that such a writ is based. Here the evidence was authentic, and therefore the order properly issued. If the defendant was injured by the proceeding, she has not adopted the remedy by which her injuries could be inquired into.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *S. D. McEnery*, *Cobb & Gunby*, for plaintiff and appellee. *Morrison & Farmer*, for defendant and appellant.

MORGAN, J. We are asked to dismiss this appeal on the following grounds:

*First*—That by taking an appeal in the suit in which the appellant injoined the order of seizure and sale from which the appeal is taken, appellant lost all right to appeal from the order.

*Second*—That by this appeal we are required to decide the same case twice, while it was the duty of the appellant to set up all her defenses in the injunction suit.

The grounds set up in the injunction suit are not the same as are presented in this case. The motion must therefore be denied.

### ON THE MERITS.

It is first objected that the note sued on is not stamped. This was not necessary as the act accompanying the note was stamped.

It is next objected that the note was not presented at the place of payment at its maturity, according to the agreement of the parties. This agreement is not a stipulation in the act of sale and mortgage, but was added to the note some time after its date, and authentic proof of a compliance therewith can not be required, as seems to have been considered necessary in the case of Moss *v.* Byrne, 12 La. 615. Third, the act of mortgage used as evidence to obtain the writ is not binding as a mortgage, and the courts are prohibited by the laws of the United States from admitting it in evidence, because it is not stamped as required by the internal revenue laws of the United States, and the evidence is otherwise insufficient to authorize the writ. The alleged insufficiency of stamps amounts to fifty cents.

It is the authenticity of the evidence upon which an order of seizure and sale issues. Here the evidence was authentic. This being the case the order properly issued. If the defendant was injured by the proceeding, she has not adopted the remedy by which her injuries could be inquired into.

Judgment affirmed.