Amended.

Rehearing refused June 29, 1909.

———o———

## No. 4806.

### Court of Appeal, Parish of Orleans.
### MRS. MARY E. TAGGRAT VS. MARY E. HARDY.

1. It is well settled that it is not necessary to make demand at the place of payment designated in a note in order to recover of the maker.
2. In proceedings via executiva, the creditor must bring himself within the letter of the law and, where a discrepancy exists between the note and the act of mortgage, the holder cannot proceed by executory process.

Appeal from the Civil District Court, Division "C."

Dart & Kernan, for Plaintiff and Appellee.

T. M. and J. D. Miller, for Defendant nad Appellant.

DUFOUR, J.   This is an appeal from an order of seizure and sale directing the issuance of a writ of executory process and three reasons for reversal are urged.

1st.   That the amount or percentage of attorney's fees is left in blank in the notice of demand.

2nd.   That there is no authentic proof that the note secured by the act of mortgage was presented at the place of payment named in the note and the mortgage.

3d.   That the writ calls for 8 per cent interest in accordance with an unauthentic renewal entry on the back of the note, whereas the face of the note and the mortgage provide for 6 per cent interest.

### I.

It is sufficient answer to say that all attorney's fees are waived in the petition.

This objection is based on the decision of Moss vs. Byrnes, 12 La. 615, and is not now sustained by jurisprudence. In Renshaw vs. Richards, 30 An. 398, a case of executory process, the Court, after citing several authorities, said:

"It is well settled that it is not necessary to make demand at the place of payment designated in a note in order to recover of the maker."

## III.

This objection is, however, well taken, as the facts appear on the face of the papers.

"In proceedings *via executiva*, the creditor must bring himself within the letter of the law and, where a discrepancy exists between the note and the act of mortgage by which it is secured, the holder cannot proceed by executory process." 2 Court of Appeal 322.

In the present instance the order allows 8 per cent without authentic evidence of the increase of rate to this extent it is erroneous, and executory process should not have issued.

Judgment is reversed at plaintiff's costs in both courts, reserving to plaintiff her right to enforce her claim and mortgage according to law.

Reversed.

Rehearing refused June 29, 1909.