(105 So. 41)

No. 26839.

**ARDOINO v. HULSE.**

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Mortgages** ⬅463—**Order of seizure and sale not invalidated because no authentic evidence of power of attorney given by one of vendors.**

   Order of seizure and sale of property under purchase-money mortgage was not invalidated, because there was no authentic evidence in record of power of attorney given by one of vendors pursuant to which property was conveyed to defendant.

2. **Mortgages** ⬅414—**Order for seizure and sale not invalidated, because no demand made for payment at place specified.**

   Order for seizure and sale of property mortgaged *held* not invalidated because plaintiff made no demand for payment of mortgage notes at place where they were payable.

3. **Mortgages** ⬅414—**Failure to make demand for payment may be set up by maker, if sustaining injury thereby.**

   Failure to make demand for payment of mortgage note before obtaining order of seizure and sale may be set up by maker, if he has sustained injury thereby.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Sr., Judge.

Suit to foreclose mortgage by Simioni Ardoino against Sidney T. Hulse. From an order of seizure and sale of property mortgaged, defendant appeals. Affirmed.

James G. Schillin, of New Orleans, for appellant.

S. T. Cristina, of Kenner (C. A. Buchler, of Gretna, of counsel), for appellee.

ROGERS, J. Defendant, the mortgagor, appeals from an order of seizure and sale of the property mortgaged. He alleges that the evidence before the judge who issued the order was insufficient to authorize the fiat.

Appellant's first contention is that the mortgage notes are not definitely described in the petition, and that there is a discrepancy between the notes as described and the act of mortgage.

The petition is inartistically drawn, but, considered as a whole, it shows that the two notes which were filed with it are each for the sum of $1,500, dated April 6, 1921, and payable, respectively, January 15, 1923, and January 15, 1924. This is in accord with the act of mortgage. The notes are also duly paraphed to identify them with said instrument.

The note due January 15, 1923, bears an indorsement showing a payment of $750 on account. Credit for this payment is duly given in the petition, and the claim of petitioner, according to his prayer, is for $2,250, being for the balance due, $750, on the note due January 15, 1923, and for $1,500, the principal of the note due January 15, 1924.

[1] Appellant's second contention is that there is no authentic evidence in the record of the power of attorney given by one of the vendors.

Simioni Ardoino, the plaintiff, and Guiseppe Garriffo, the latter represented by his wife, Catherine Garriffo, under a written power of attorney, by an act executed before a notary and two witnesses, sold the property described in plaintiff's petition to Sidney T. Hulse, the defendant. The power of attorney is attached to and made part of the act of sale. The notes filed in the record were given in part payment and deduction of the purchase price, and were secured by mortgage granted in said act of sale, which contained a confession of judgment.

Defendant, herself, as the purchaser and mortgagor, signed the act hypothecating the

property to secure the payment of the part of the purchase price represented by his notes which are herein foreclosed upon. The power of attorney forms no part of the evidence necessary to authorize the order of seizure and sale.

In Snow v. Trotter, 3 La. Ann. 269, this court said:

"It is not material to inquire whether the power of attorney under which the plaintiff's agent acted, was authentic in form. In the act of mortgage on which the order of seizure and sale was granted, the defendants have recognized the agent's capacity, and the mandate under which he acted is specially recited. The power of attorney formed no part of the testimony necessary to authorize the order of seizure and sale."

In Holliday v. Logan, 134 La. 427, 64 So. 277, on rehearing this court reviewed the jurisprudence, including Bank v. Blanque, 32 La. Ann. 264, cited by appellant, and approved the rule announced in Snow v. Trotter, supra.

[2, 3] Appellant's third contention is that there is no authentic evidence of a demand for payment.

Plaintiff alleges that he made demand for payment by registered letter addressed to defendant at St. Rose, La. The notes are made payable at the office of the clerk of court for the parish of St. Charles. The fact that no demand for payment is shown to have been made there is immaterial; such demand was not a prerequisite for the obtention of the order of seizure and sale, though the failure to make such demand might be set up by the maker, if he has sustained injury thereby. Holliday v. Logan, supra, and authorities therein cited.

Appellant cites Moss v. Byrnes, 12 La. 615, and Pargoud v. Richardson, 26 La. Ann. 672. The first of the cited cases apparently stands alone in holding that authentic proof of presentment of the notes for payment is essential to justify an order of seizure and sale, and it is opposed to the weight of authority referred to in Holliday v. Logan, supra. The publication in 26 La. Ann., at pages 672 and 673, of the second of the cited cases was premature, as the rehearing which was applied for was not disposed of until some four years thereafter. See Pargoud v. Richardson, 30 La. Ann. 1290. This case was among those cited in Holliday v. Logan, supra. At page 1290 of the opinion appears the following:

"It is now settled law that a mortgagee, with a title importing a confession of judgment, may immediately seize the property, if in the hands of the debtor, without proof of failure of payment. McDonough v. Fost, 1 Rob. 295. Neither the allegation nor proof of a previous demand for payment or presentment at a particular place, is necessary to obtain executory process, although the note is payable at such place. Ripka v. Pope, 5 La. Ann. 61 [52 Am. Dec. 579]; [Posey v. Bank of Louisiana] 5 La. Ann. 187; M'Calop v. Fluker, 12 La. Ann. 551; Stokes v. Foreman, 12 La. Ann. 671; Catalogne v. Alva, 13 La. Ann. 98."

Our conclusion is that the evidence was sufficient to justify the order of seizure and sale issued herein.

For the reasons assigned, the order or decree appealed from is affirmed.