517 So.2d 1220 (1987)
PELICAN HOMESTEAD AND SAVINGS ASSOCIATION
v.
Elizabeth M. WINSTON.
No. CA-7432.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
*1221 Monica T. Surprenant, James P. Magee, New Orleans, for plaintiff.
Gibson Tucker, Jr., New Orleans, for defendant.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
A mortgagee appeals the dismissal of its suit for a deficiency judgment. The issue is whether a mortgagor's procuration must be a part of the executory process in order to secure a deficiency judgment.
Elizabeth Winston executed by procuration a promissory note and mortgage in favor of Pelican Homestead and Savings Association. The procuration was attached to the recorded act of sale, but not to the mortgage.
In 1984 Pelican sued Winston for foreclosure by executory process and a copy of the mortgage and note, signed by Winston's agent, were attached. Also attached was an act styled "Authentic Act of Notice and Acceleration" in which a Pelican loan officer declared, among other things, that Winston as borrower, had granted the mortgage in favor of Pelican. The petition neither included a copy or made reference to the procuration. Following the sheriff's sale Pelican sought a deficiency judgment.
After initially overruling Winston's exception of no cause of action, the trial court dismissed Pelican's deficiency judgment petition reasoning that it must include authentic evidence of the procuration.
The plaintiff relies on La.C.C.P. Art. 2637 which provides in pertinent part:
Evidence as to the proper party defendant, or as to the necessity for appointing an attorney at law to represent an unrepresented defendant, or of the breach or occurrence of a condition of the act of mortgage or privilege maturing the obligation, need not be submitted in authentic form. These facts may be proved by the verified petition, or supplemental petition, or by affidavits submitted therewith.
*1222 Plaintiff argues that the procuration would merely establish the proper party defendant which may be accomplished by verified petition or affidavit under the first paragraph of Art. 2637. Plaintiff further argues that the procuration was a matter of public record since it was attached to the recorded act of sale.
The Official Revision Comments to Art. 2637 provide:
(a) This article is declaratory of the legal theory of executory process and customary Louisiana practice.
* * * * * *
As to facts relating to the proper defendant in the executory proceeding, and those necessary to authorize the appointment of an attorney at law to represent the absent, incompetent, or unrepresented defendant, there has never been any requirement as to their establishment by authentic evidence. From the very nature of things, there could be no such requirement.
The Official Revision Comments to Art. 2637 indicate that this article addresses proof where authentic evidence of who is the proper party defendant cannot be produced, as when the mortgagor has died or is an absentee. This is consistent with La.C.C.P. Art. 2635 and the comments to that article.
Art. 2635 provides:
The plaintiff shall submit with his petition the authentic evidence necessary to prove his right to use executory process to enforce the mortgage or privilege. These exhibits shall include authentic evidence of:
* * * * * *
(4) Any judgment, judicial letters, order of court, or authentic act necessary to complete the proof of plaintiff's right to use executory process.
This requirement of authentic evidence is necessary only in those cases, and to the extent, provided by law. A variance between the recitals of the note and of the mortgage regarding the obligation to pay attorney's fees shall not preclude the use of executory process.
Comment (d) of the Official Revision Comments for Art. 2635 provides:
When the plaintiff sues in a representative capacity, or the defendant is sued in a representative capacity, as when they are executors, administrators, or curators, it is impossible to produce certified copies of any authentic act evidencing this capacity. In such cases, the plaintiff's right to sue, or his right to sue the particular defendant, can and should be evidenced by a certified copy of the judgment of possession, letters of administration, or letters testamentary, as the case may be. Such certified copies constitute evidence in authentic form, and since they are necessary to establish the right of the plaintiff to bring the executory proceeding, or to bring it against the defendant, they must be submitted with the petition; and the failure to so produce them is fatal to the executory proceeding.

Another situation where additional evidence in authentic form is needed to prove the plaintiff's right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition. Of course, if the mortgage note is made payable to the order of the mortgagor and by him endorsed in blank, and the act of mortgage so recites, no authentic evidence of the transfer by the mortgagee is required. A similar requirement is made where the mortgagor acts through an agent, in the execution of the mortgage and note. In such instances, a certified copy of the authentic act of procuration must be attached to the petition for executory process. (citations omitted) (emphasis added)
We conclude that Art. 2637 does not apply in the present situation; rather, a procuration granted by a mortgagor is a necessary *1223 link to complete the proof of the right to use executory process and it must be attached to the petition for executory process. Official Revision Comment (d) to La. C.C.P. Art. 2635; Crescent City Bank v. Blanque, 32 La.Ann. 264 (1880).[1] See also Fabacher v. Hammond Dairy Company, Inc., 389 So.2d 87 (La.App. 4th Cir.1980).
We note that even if Art. 2637 is applicable, plaintiff did not comply with that article. Neither the petition for executory process nor the attached "Authentic Act of Notice and Acceleration" contained any reference to the procuration. Further, the petition was not verified and there were no affidavits submitted with the petition.
The fact that the procuration was a matter of public record since it was attached to the recorded act of sale does not alter our conclusion. The petition named Winston as defendant, but none of the documents necessary to show Pelican's right to proceed by executory process were actually signed by Winston. Without proper evidence of the agency relationship, the petition for executory process fails to establish the right to proceed against Winston.
Plaintiff urges, however, that even if required to attach the act of procuration to the petition for executory process, the failure to do so should not preclude a deficiency judgment. Plaintiff reasons that this failure is not a fundamental defect and is therefore waived since Winston allowed the seizure and sale to proceed uncontested by either a suit for injunction or suspensive appeal.
All defenses and procedural objections to an executory proceeding are waived if the seizure and sale proceed uncontested. Reed v. Meaux, 292 So.2d 557 (La.1974); Plumbing Supply House v. Century National Bank, 440 So.2d 173, 177 (La.App. 4th Cir.1983). However, any defense, procedural or substantive, which can be urged to defeat executory proceedings may be urged to preclude a suit for deficiency judgment. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Plumbing Supply House, supra.
The absence of the procuration is a valid defense to the petition for deficiency judgment which was properly dismissed.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Ardoino v. Hulse, 158 La. 997, 105 So. 41 (1925), cited by the trial judge and relied on in the briefs, is not relevant. In Ardoino the procuration at issue was that of one of the vendors of the mortgaged property and did not involve a procuration by either the mortgagor or mortgagee.